**IN THE FEDERAL DISTRICT COURT FOR THE
DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS**

| | | |
|---|---|---|
| JEANETTE GILMORE | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| JOSE PEPPERS RESTAURANTS, LLC | ) | Case No. |
| *Serve:  Edward J. Gieselman* | ) | |
| *8400 W. 110th Street* | ) | |
| *Suite 600* | ) | |
| *Overland Park, Kansas 66210* | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION FOR DAMAGES

COMES NOW, Plaintiff Jeanette Gilmore, by and through the undersigned counsel, and for her cause of action against Defendant, states as follows:

## PARTIES

1.      Plaintiff, Jeanette Gilmore (hereinafter "Gilmore") is an individual who was an employee of Defendant, Jose Peppers Restaurants, LLC (hereinafter "Defendant").

2.      Defendant is a Kansas Limited Liability Company with a corporate office located at 10540 Marty Street, Suite 100 Overland Park, Kansas 66212.

## JURISDICTION AND VENUE

3.      Jurisdiction is asserted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII").

4.      This Court has federal question jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. § 1331, as the acts complained of involve violations of Plaintiff's rights under Title VII.

5.      The discriminatory and retaliatory conduct discussed herein is also the subject of charges of discrimination (Exhibit A), incorporated as if fully set forth herein, that were previously filed with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII.

6.      Plaintiff has received a Right to Sue letter from the EEOC (Exhibit B) pertaining to those charged of discrimination, and as such, Plaintiff has also satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## BACKGROUND FACTS

7.      At all times mentioned herein, Gilmore was an employee of the Defendant within the meaning of Title VII.

8.      Defendant is an "employer" within the meaning of Title VII because it employs fifteen or more employees for each working day in each of twenty or more calendar weeks in the preceding calendar year.

9.       Gilmore was hired by the Defendant as an Accounts Payable Specialist in May 2017 and began experiencing discriminatory treatment as early as August 2018 until she was unlawfully terminated in approximately September 2019.

10.      During the course of her employment with Defendant, Gilmore performed at or above performance standards expected of Defendant's employees.

11.      Throughout her employment, Gilmore met all qualifications of the position she held with Defendant.

12.      Gilmore is an African-American and has been subjected to race discrimination and retaliation, as defined under Title VII.

13.     Throughout Gilmore's employment with Defendant she performed all of the duties of her position as required, exceeded the expectations of her positions and received praise positive reviews.

14.     The true reasons for the discriminatory employment actions of Defendant, and/or other disparate treatment in the terms and conditions of Gilmore's employment, were illegal race discrimination and retaliation.

15.     Defendant's actions constitute illegal race discrimination against Gilmore in the terms and conditions of her employment in violation of Title VII.

16.     On or about March 25, 2020, Gilmore filed a timely charge of race discrimination and retaliation against the Defendant with the Equal Employment Opportunity Commission ("EEOC").  The Charge of Discrimination is attached hereto and incorporated as though fully set forth herein as Exhibit A.

17.     Prior to filing this Petition for Damages, Gilmore sought administrative relief through the EEOC to no avail and exhausted all required administrative procedures prior to filing this action.

18.     Gilmore's Notice of Right to sue is attached hereto and is incorporated as though fully set forth herein as Exhibit B.

19.     This lawsuit was filed within two (2) years of Gilmore's unlawful termination by Defendant.

**COUNT I: EMPLOYMENT DISCRIMINATION – RACE**

20.     Gilmore incorporates by reference the allegations contained in paragraphs 1 through 18 as though fully set forth herein.

21.     Gilmore is African-American.

22.     Shortly after starting her employment with the Defendant, Gilmore began to notice workplace's culture and climate was insensitive to racial differences.

23.     In August 2018, Gilmore was having a discussion with other white female employees about the stark societal differences between modern time and the time in which they grew up. Without an invitation, another white employee, Ed Hett ("Hett"), interjected and commented that had they been in the 1960's, Gilmore would not have been able to work at Jose Peppers due to the color of her skin.

24.     Additionally, in August 2018, Gilmore was having a discussion regarding the death of Aretha Franklin ("Franklin") with other white female employees. Again, Hett interjected himself into the conversation to comment that during the height of her popularity, Franklin was forced into staying in disgusting, blighted areas, instead of the typical up-scale accommodations due to segregation. Hett tried to justify the treatment of Franklin by stating that those were places "blacks weren't allowed in during that time . . . and those kinds of things were accepted." Hett made this comment in a derogatory manner and gave the suggestion that he agreed, or otherwise was unopposed, with such treatment.

25.     In response to Hett's insensitive comments, Gilmore, as a black woman, felt offended and contacted the Defendant's human resources department to report such behavior. Despite the comments being made to an audience, none of the other white employees corroborated Gilmore's account when approached by human resources. This goes to show the pervasiveness of the Defendant's racially insensitive culture.

26.     Gilmore's race was a motivating factor to the following decisions by Defendant: denying Gilmore the same rights and privileges as other employees, refusing to listen to Gilmore's complaints regarding the Defendant's racially insensitive workplace, arbitrarily and

erroneously citing Gilmore for "poor performance," removing Gilmore from responsibilities and projects, and eventually terminating Gilmore.

27.    Defendant provided no rational justification for their acts against Gilmore. Any justification asserted is merely pretext for the underlying discrimination against Gilmore on the basis of her race.

28.    The Defendant discriminated against Gilmore with respect to her terms, conditions or privileges of her employment on the basis of her race in violation of Title VII and/or otherwise adversely affected her status as an employee on the basis of her race in violation of Title VII.

29.    Defendant does not treat other similarly-situated white employees in the same way.

30.    Gilmore is now suffering and will continue to suffer irreparable injury and damages as a result of Defendant's discriminatory practices unless and until this Court grains relief.

31.    As a direct and proximate result of Defendant's illegal discriminatory actions and/or inactions, Gilmore has been deprived of income and other monetary and non-monetary benefits.

32.    As a direct and proximate result of Defendant's illegal discriminatory actions and/or inactions, Gilmore has suffered past and future pecuniary losses, pain and suffering, loss of enjoyment of life, humiliation, emotional distress, and damage to her reputation, all in an amount yet to be determined.

33.    Defendant's conduct is willful, wanton and malicious, and shows complete indifference to or conscious disregard of Gilmore's federally protected rights under Title VII,

thus justifying an award of punitive damages in an amount sufficient to punish Defendants, force a change in their policies, and to deter them from like conduct in the future.

34.     Gilmore has already incurred and will incur in the future substantial attorneys' fees and expenses in prosecuting this action, and such fees and expenses are recoverable from Defendants under the Title VII.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants on Count I, and requests an award of her actual damages, in excess of Twenty-Five Thousand Dollars ($25,000), including but not limited to her lost wages, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, loss of self-esteem, humiliation and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, front pay and an injunction restraining Defendants from future discriminatory actions, and any such other relief as the Court deems just and proper.

## COUNT II: RETALIATION

35.     Gilmore incorporates by reference the allegations contained in paragraphs 1 through 33 as though fully set forth herein.

36.     Gilmore engaged in protective activity by informing the Defendant of her complaints regarding the racially insensitive culture of the Defendant's workplace.

37.     Soon after making the complaints to Defendant, Gilmore was isolated from the work environment and was arbitrarily and erroneously cited for "poor performance" despite having never received a poor critique prior to her complaints. Additionally, the Defendant

removed responsibilities from Gilmore and stopped giving her projects to work on. This treatment eventually culminated in her unlawful termination.

38.     Defendant has not provided a non-discriminatory justification for their treatment against Gilmore. This suggests a retaliatory motive and any subsequent justification is merely pretext.

39.     The temporal proximity between Gilmore's complaint with Defendant's human resources department and the subsequent discriminatory treatment she was subjected by management and other similarly-situated employees give rise to an inference of a causal connection.

40.     As a direct and proximate result of Defendant's actions and/or inactions, Gilmore has been deprived of income and other monetary and non-monetary benefits.

41.     As a direct and proximate result of Defendant's actions and/or inactions, Gilmore has suffered past and future pecuniary losses, humiliation, emotional pain, distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and related compensatory damages.

42.     Defendant's conduct is willful, wanton and malicious, and shows complete indifference to or conscious disregard of Gilmore's federally protected rights under Title VII, thus justifying an award of punitive damages in an amount sufficient to punish Defendants, force a change in their policies, and to deter them from like conduct in the future.

43.     Gilmore has already incurred and will incur in the future substantial attorneys' fees and expenses in prosecuting this action, and such fees and expenses are recoverable from Defendants under Title VII.

WHEREFORE, Plaintiff respectfully prays for judgment in her favor and against Defendant on Count II, and requests an award of her actual damages, including but not limited to

her lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, loss of self-esteem, humiliation and other non-pecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, front pay and an injunction restraining Defendants from future discriminatory actions, and any such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable by law.

Respectfully Submitted,

KRIGEL & KRIGEL, P.C.

_____
Ivan L. Nugent, KS #24512
Lara K. Pabst, KS #24454
Stephen J. Moore, KS #23038
4520 Main St., Ste. 700
Kansas City, MO 64111
Tele: (816) 756-5800
Fax: (816) 756-1999
inugent@krigelandkrigel.com
lpabst@krigelandkrigel.com
sjmoore@krigelandkrigel.com

ATTORNEYS FOR PLAINTIFF